WALLACE L. WILCOX *vs.* FRANK H. SWAN *et al,* RECEIVERS.

DAVID P. MORRIS, *vs,* FRANK H. SWAN *et al,* RECEIVERS.

APRIL 18, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Automobiles.   Contributory Negligence.*

One who drives his automobile upon a trolley track at a time when he knew or ought to have known that a trolley car was rapidly approaching and that if any mischance, such as stalling the car occured he could not escape a collision is guilty of contributory negligence.

*(2)   New Trial.*

On motion for new trial the trial court is justified in considering and it is his duty to consider the credibility of witnesses and what in his view is the preponderence of the evidence and if he believes the verdict to be unjust he should grant a new trial.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiffs and overruled.

RATHBUN, J. Each of these cases is an action of trespass on the case for negligence and involves the consideration of a collision between a street car operated by the defendants

and an automobile owned by plaintiff Wilcox and operated at the time of the collision by plaintiff Morris. Wilcox brings suit to recover for damage to the automobile and Morris seeks to recover for personal injuries.

The cases were tried in the Superior Court before the same justice but with different juries. A verdict was rendered in favor of Wilcox for $1,850. and in favor of Morris for $1,439.50. A motion was made in each case on the usual grounds for a new trial. Said justice granted a new trial in each case.

Each case is before this court on an exception to the decision of said justice granting a new trial.

The accident occurred in the daytime. Just before the collision plaintiff Morris attempted to drive from Elmwood avenue across the car track into a private driveway leading to an automobile service station conducted by plaintiff Wilcox. Elmwood avenue is a wide street which, at the place of the collision, runs in a northerly and southerly course. The traveled part of the highway between the street curb lines is about forty feet in width. Outside of the traveled portion of the highway on each side of the street is a single track which is located between the curb line of the traveled portion of the street and the sidewalk. On each side of the street between said street curb line and the car track is a strip of land about six feet in width, upon which at varying distances from each other are trolley poles, electric light poles and trees. The track on the west side is used for southbound cars and that on the east side is used for northbound cars. The collision occurred about two hundred and ninety feet south of Adelaide avenue, which intersects Elmwood avenue. At the point of the accident is a private driveway through the grass plot over the car track and side walk to an automobile service station conducted by plaintiff Wilcox. When plaintiff Morris turned the automobile from Elmwood avenue into this driveway the engine of the automobile stalled while it was crossing the track and an electric car which was proceeding

south, the direction in which the automobile was going immediately before it turned to enter the driveway, collided with the automobile which was stationary upon the car track. The plaintiffs contend that when the automobile stalled upon the track the electric car was a sufficient distance away to enable the motorman to avoid the collision by stopping the car and that his failure to do so was negligence. Plaintiff Morris, the operator of the automobile, testified that he thought the motorman deliberately ran the electric car into the automobile. Neither Morris nor any other witness for the plaintiff could state what the motorman did or failed to do to stop the car. Several witnesses testified that the automobile without warning suddenly turned toward the driveway and drove upon the car track when the electric car was but a short distance away and that the motorman when the automobile turned toward the track reversed the power and apparently did everything possible to avoid the collision. The operator of the automobile when he attempted to cross the track had a clear view of the track for a distance of nine hundred feet. At the trial of the *Wilcox* case, which was tried before the *Morris* case, Rodman L. Nichols, an employee of said Wilcox, was called to corroborate the testimony of Morris that the electric car was a considerable distance away when the automobile stopped upon the track but in view of the variation between his testimony given at the first trial and his testimony one week later at the second trial, we think said justice was justified in finding that his testimony was untrustworthy. Said justice considered that the story related by plaintiff Morris was improbable. In his rescript the justice said: "The story of Morris is improbable, viz: that a motorman in full view of an automobile standing on the track at a distance of from, say, 530 to 310 feet, should continue on his course, making no effort to stop the car until actually upon the automobile. The motorman had been in the service 11 years and his experience, we may fairly assume, would have deterred him from proceeding as

. Morris claims." . . "The Court feels that Mr. Morris was guilty of contributory negligence in driving his sedan upon the trolley track at a time when he knew, or ought to have known, that a trolley car was rapidly approaching and that if any mischance, such as stalling his car, occured he could not escape a collision. In *Reddington vs. Getchell* 40 R. I. 463, at 468, this court said: "Upon motion for a new trial made by a party who is dissatisfied with the verdict rendered by a jury, a justice who presided at the trial is justified in considering, and it is his duty to consider, the credibility of witnesses and what, in his view, is the preponderance of the evidence; if he believes the verdict to be unjust he should set it aside and grant a new trial."

(2)

After a careful reading of the transcript we find nothing which indicates that the trial justice was not fully warranted in granting a new trial in each case on the ground that the verdict was against the preponderance of the evidence.

Exception of the plaintiff in each case is overruled and each case is remitted to the Superior Court for a new trial.

*McKenna & Boudreau*, for plaintiff.

*Clifford Whipple*, *Alonzo R. Williams*, for defendant.